IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KYLE SMITH<br>2427 Cambrian Way<br>Madison, Ohio 44057<br><br>Plaintiff,<br><br>vs.<br><br>BUDGET DUMPSTER, LLC<br>c/o Statutory Agent JOHN M. FENN<br>24960 Center Ridge Rd., Suite 1<br>Westlake, Ohio 44145<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Kyle Smith, by and through counsel, and for his Complaint against Defendant, Budget Dumpster, LLC (collectively "Budget") states and alleges the following:

### INTRODUCTION

1. This is an action instituted by Plaintiff as a result of Defendant's practices and policies of misclassifying the Plaintiff as exempt under the Fair Labor Standards Act ("FLSA"), 29 U.C.S. 201-219 and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.14, and failing to pay him overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek. In addition, Defendant has failed to provide Plaintiff with pay and time records in violation of Section 34a, Article II of the Ohio Constitution and R.C. 4111.14(G).

### JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

4. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Lake County, Ohio.

5. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. At all times relevant herein, Defendant operates a for-profit limited liability corporation, organized and existing under the laws of the State of Ohio, with its principal place of business in Westlake, Ohio.

7. At times relevant herein, Defendant conducted business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**

12. In June 2019, Mr. Smith was hired with the promise that he would work as an account manager. He was paid a salary of $35,000 and considered an exempt employee.

13. Instead of the promised position, Budget placed Mr. Smith in a customer service role.

14. In December, 2019, he was transferred to the commercial billing department where he conducted collections work until he was laid off in March, 2020.

15. Mr. Smith's scheduled work-day was 9 a.m. until 6 p.m. with an hour off for lunch. However, while working as a customer service representative, Mr. Smith worked late two to three times per week.

16. When he was transferred to the billing department, he worked late at least once per week. Despite working an average of five hours a week overtime, Mr. Smith was not paid any overtime.

17. Mr. Smith's employment was terminated while a younger, less-qualified employee, Alexis Billy, remained employed performing the same work Mr. Smith performed.

18. Plaintiff did not have the authority to hire or fire other employees, nor did he have the authority to review their performance.

19. Plaintiff was not responsible for interviewing or selecting employee applicants.

20. Plaintiff did not have the authority to determine rates of pay or hours of work of other employees.

21. Plaintiff did not maintain production records for any employee.

22. Plaintiff did not have the authority to plan or control a budget.

23. Despite these facts, Defendant improperly classified Plaintiff as an exempt

employee.

24. Plaintiff estimates that he worked on average approximately 45 hours per week for Defendants during his employment.

25. Plaintiff was never paid overtime for any work over 40 hours in a workweek.

26. Defendant failed to make, keep and preserve accurate records of the unpaid work performed by Plaintiff.

## COUNT ONE
### (Fair Labor Standards Act Violations)

27. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

28. Defendant's practice and policy of misclassifying Plaintiff as exempt violated the FLSA, 29 U.S.C. §§ 201-219.

29. Defendant's practice and policy of not paying Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for the hours he worked over 40 each workweek violated the FLSA, 29 U.S.C. 207.

30. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

31. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

32. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the FLSA.

## COUNT TWO
**(OMFWSA Violations)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Defendant's practice and policy of not paying Plaintiff for overtime work violated the OMFWSA, R.C. § 4111.14.

35. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

36. As a result of Defendant's practices and policies, Plaintiff has been damaged in that he has not received wages due to him pursuant to the OMFWSA.

## COUNT THREE
**(Sec. 34a, Art. II of the Ohio Constitution and R.C. §4111.14)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. On May 28, 2020 and July 7, 2020, Plaintiff requested that the Defendant provide Plaintiff's pay and time records pursuant to Sec. 34a of Art. II of the Ohio Constitution and O.R.C. §4111.14(G).

39. Defendant has failed to provide the requested records in violation of Sec. 34a of Art. II of the Ohio Constitution and O.R.C. §4111.14.

40. As a result of Defendant's unlawful actions, the Defendant is liable for damages in an additional amount of two times the back wages due and a penalty of $150 per day they are in violation of the statute.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.      Award Plaintiff actual damages for unpaid wages;

B.      Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C.      Award Plaintiff statutory damages in an amount equal to two-times the amount of back wages;

D.      Award Plaintiff pre- and post-judgment interest at the statutory rate;

E.      Award Plaintiff attorneys' fees, costs, and disbursements; and

F.      Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Robert B. Kapitan
Robert B. Kapitan (0074327)
Anthony J. Lazzaro (0077962)
Lori M. Griffin (0085241)
The Lazzaro Law Firm, LLC
The Heritage Building, Suite 250
34555 Chagrin Blvd.
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
robert@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com
Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

 /s/ Robert B. Kapitan
One of the Attorneys for Plaintiff